UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BLACK HAMMOCK AIRBOAT VENTURES,**

        Petitioner,

v.                                    Case No: 6:23-cv-603-PGB-EJK

**ALL POTENTIAL CLAIMANTS,**

        Respondent.

## ORDER

This cause comes before the Court on Petitioner's Motion for Entry of Default (the "Motion") (Doc. 14), filed July 10, 2023, pursuant to Federal Rule of Civil Procedure 55(b)(2). Upon review, the Court will construe the Motion as a motion for entry of clerk's default, pursuant to Federal Rule of Civil Procedure 55(a).

### I. BACKGROUND

Petitioner, Black Hammock Airboat Ventures, as titled owner of and for a 2019 24' Diamondback Airboat (Hull Identification No. DKP13576B919) (the "Vessel"), under Federal Rule of Civil Procedure 55 and Supplemental Rule F, moves for entry of default against all potential claimants who failed to file claims or answers by the Monition deadline of July 6, 2023. (Docs. 9, 14). Petitioner initiated this proceeding under 46 U.S.C. § 30501, *et seq.*, and Supplemental Rule F, by filing the Petition, claiming the right to exoneration from or limitation of liability for an incident involving the Vessel on August 28, 2022, in waters near Orlando, Florida. (*See* Doc.

1.)

On April 4, 2023, the Court entered a Monition and Injunction, establishing a Monition deadline of July 6, 2023, for claimants to file claims or answers to the Petition. (Doc. 9.) The Court then entered an Order Providing Notice to Claimants of Complaint for Exoneration from or Limitation of Liability stating, "All persons having such claims must file their respective claims, as provided by Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with the Clerk of Court in writing on or before July 6, 2023 and must serve a copy thereof on attorneys for Petitioners on or before August 7, 2023 or be defaulted." (Doc. 10 at 1–2.) That order went on to state that "[a]ny claimant who desires to contest either the right to Exoneration from or the right to Limitation of Liability shall file and serve on attorneys for Petitioner an answer to the Complaint, on or before the aforesaid date, unless the claim includes an answer, so designated, or be defaulted." (*Id.* at 2.)

In accordance with Supplemental Rule F(4) and the Middle District of Florida Admiralty and Maritime Practice Manual Sections 1(e) and 6(a), Petitioner published the approved Notice with the *Orlando Sentinel*. (*See* Doc. 13). In the Motion, Petitioner informs the Court that the claims of the two known Claimants named in the Petition have been settled. (Doc. 14 at 3.) No other person or entities have filed a claim, answer, or served copies thereof on Petitioner's attorneys. (*Id.*) Because the July 6, 2023 Monition deadline for filing a claim has passed, Petitioner now requests a clerk's default against any potential claimants who failed to file claims or answers by the

Monition deadline. (*Id.* at 4.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

## III. DISCUSSION

This Court established a Monition deadline of July 6, 2023. (Doc. 9 at 2.) Petitioner provided notice to all known claimants (Doc. 14 at 2–3) and published the Court's Notice (Doc. 10) in the *Orlando Sentinel* for the period of time required by Supplemental Rule F (Doc. 13).

Other than the two known Claimants, no other persons or entities have contacted Petitioner with a claim, and no persons or entities have filed any paper in this matter. Therefore, it is proper for the Court to enter a clerk's default against all potential claimants who have failed to file a claim or otherwise appear in this action. *Matter of AMI Pro. Grp., Inc.*, No. 8:21-cv-1866-TPB-AAS, 2022 WL 1157679, at *1, 3 (M.D. Fla. Mar. 30, 2022) (construing motion for entry of default as motion for entry of clerk's default and recommending same be entered against all potential claimants who failed to file a claim), *report and recommendation adopted sub nom. AMI Prof. Grp., Inc. v. Henson*, 2022 WL 1155238 (M.D. Fla. Apr. 19, 2022); *see also Olympia Dev. Grp., Inc. v. Non-Filing Claimants*, No. 8:09–cv–2230–T–33–AEP, 2010 WL 145887, at *1 & n.1 (M.D. Fla. Jan. 8, 2010) (noting that the court entered a clerk's default against

non-filing claimants pursuant to Rule 55(a), prior to entering a default judgment).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Petitioner's construed Motion for Entry of Clerk's Default (Doc. 14) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter default against all potential claimants who failed to file a claim in this action by the Monitions deadline of July 6, 2023.

3. Petitioner is **DIRECTED** to file a motion for default judgment **within fourteen days of entry of the Clerk's default**.

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE